## THE STATE OF NEW HAMPSHIRE

## SUPREME COURT

**In Case No. 2022-0301, <u>Brenda L. Butkus, Administrator of the Estate of Michael D. Veilleux & a. v. Demoulas Super Markets, Inc.</u>, the court on September 7, 2023, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal, has considered the oral arguments of the parties, and has determined to resolve the case by way of this order. <u>See</u> <u>Sup. Ct. R.</u> 20(2). The plaintiffs, Brenda L. Butkus and Sandra L. Levasseur, administrators of the Estate of Michael D. Veilleux, appeal an order of the Superior Court (<u>Messer</u>, J.) denying their motion to amend the complaint against the defendant, Demoulas Super Markets, Inc. We affirm.

I

The following facts are derived from the plaintiffs' proposed amended complaint or are otherwise supported by the record. The defendant operates a Market Basket supermarket in Manchester. The defendant's employees are obligated to park "in areas indicated and approved by" the defendant. The parking lot was subject to video surveillance.

On July 12, 2020, Michael D. Veilleux (the decedent) was in the Market Basket parking lot. One of the defendant's employees (the observing employee) was in the parking lot when he "observed [the decedent] on the ground in the middle of the parking lot having some kind of a medical emergency." (Quotation omitted.) The observing employee began to approach the decedent to "see if he was okay." At the same time, another of the defendant's employees (the driving employee) was in another area of the parking lot. The driving employee had "clocked out" of work and spent approximately forty minutes shopping before approaching his car to leave. His vehicle was parked in the designated employee parking area. The driving employee did not see the decedent on the ground while approaching his car. As the driving employee began exiting the parking spot, the observing employee did not "engage[] in any behavior that could have reasonably brought to the attention of the driver in a more dramatic way that there was someone in front of his car who he was about to run over." The driving employee ran over the decedent before the observing employee was able to reach him. The decedent had been on the ground for approximately one minute before he was struck by the driving employee's vehicle. He passed away from his injuries.

The plaintiffs filed a negligence action against the defendant, alleging, inter alia, that the defendant was liable for the actions of the driving employee and the observing employee through the theory of respondeat superior. The defendant moved to dismiss the complaint. The trial court granted the defendant's motion to dismiss, finding that the driving employee's conduct was not within the scope of his employment. The plaintiffs moved for reconsideration, which the trial court construed as both a motion to reconsider and a request for "leave to move to amend [the] complaint." The trial court denied the plaintiffs' motion to reconsider, but granted the plaintiffs' request for leave to move to amend. Thereafter, the plaintiffs moved to amend their complaint and included a proposed amended complaint. The proposed amended complaint added new factual allegations and again asserted that the defendant was liable for the actions of the observing employee. The defendant objected to the motion to amend.

The trial court found that the amended complaint failed to cure the defects in the original complaint, reiterating that the driving employee was not acting within the scope of his employment and concluding that the observing employee had not breached any duty to the decedent. Accordingly, the trial court denied the motion to amend. This appeal followed.

II

Under New Hampshire law, liberal amendment of pleadings is permitted unless the changes would surprise the opposing party, introduce an entirely new cause of action, call for substantially different evidence, or fail to correct the defect in the original complaint. Sanguedolce v. Wolfe, 164 N.H. 644, 647-48 (2013). Whether to allow a party to amend his or her pleadings rests in the sound discretion of the trial court, and we will not disturb the trial court's decision absent an unsustainable exercise of discretion. Id. at 648.

The parties do not dispute that the standard of review under which the motion to amend the complaint should be reviewed is the motion to dismiss standard. Under the motion to dismiss standard of review, we consider whether the allegations in the plaintiffs' pleadings are reasonably susceptible of a construction that would permit recovery. Cluff-Landry v. Roman Catholic Bishop of Manchester, 169 N.H. 670, 673 (2017). We assume the plaintiffs' pleadings to be true and construe all reasonable inferences in the light most favorable to the plaintiffs. Id. However, we do not assume the truth of statements in the plaintiffs' pleadings that are merely conclusions of law. Id. We then engage in a threshold inquiry that tests the facts in the complaint against the applicable law, and if the allegations constitute a basis for legal relief, we must hold that it was improper to grant the motion to dismiss. Id.

2

The plaintiffs first assert that the trial court erred in dismissing the cause of action in negligence related to the driving employee. They argue that the trial court erred when it concluded that the driving employee was not acting within the scope of his employment at the time of the accident. They assert that the trial court misapplied the test we outlined in Tessier v. Rockefeller, 162 N.H. 324, 342-43 (2011). In the plaintiffs' view, the trial court "applied an unduly rigid approach to all three points of its articulated test, to [c]onclude there are no facts that could support a basis for legal relief."

Under the doctrine of respondeat superior, an employer may be held vicariously responsible for the tortious acts of its employee if the employee was acting within the scope of his or her employment when his or her tortious act injured the plaintiff. Tessier, 162 N.H. at 342. Conduct falls within the scope of employment if: (1) it is of the kind the employee is employed to perform; (2) it occurs substantially within the authorized time and space limits; and (3) it is actuated, at least in part, by a purpose to serve the employer. Id. at 342-43. The question of whether or not the act done is so different from the act authorized that it is not within the scope of employment is decided by the court if the answer is clearly indicated; otherwise, it is decided by the jury. Porter v. City of Manchester, 155 N.H. 149, 158 (2007).

Here, applying the test articulated in Tessier, the trial court found that "[t]here is no nexus between [the driving employee's] employment with [the defendant] and his conduct of exiting his parking space." The trial court observed that the driving employee "was not employed for the purpose of exiting his parking spot," and "was not working at the time he exited his parking spot," having "clocked out 40 minutes prior" to the incident. Furthermore, the trial court reasoned that the driving employee "exiting his parking spot was not actuated in any way to serve his employer; instead, he was simply attempting to leave the premises on his own time." The trial court further opined that the new factual allegations, set forth in the proposed amended complaint, concerning the defendant's "myriad policies governing conduct of its employees . . . do not change the outcome of [its] prior analysis," noting that these policies do "not convert [the driving employee's] conduct into the sort he was employed to perform." As a result, the trial court concluded that the proposed amended complaint did not implicate any of the factors articulated in Tessier and, therefore, the proposed amended complaint failed to allege that the driving employee was acting within the scope of his employment. We find no error in the trial court's analysis.

The plaintiffs assert that the trial court misapplied the test articulated in Tessier. They rely on the Restatement (Second) of Agency and the New Hampshire Model Civil Jury Trial Instructions to argue that a jury could have found that the driving employee's conduct was within the scope of his

3

employment. We are unpersuaded. As explained above, the trial court's well-reasoned order faithfully and accurately applies the test articulated in Tessier. We find no error in that analysis; nor do we see any misunderstanding or misapplication of the law that would require the trial court to look beyond the test enunciated in Tessier for clarity. Similarly, the plaintiffs assert that the trial court erred by not referring to the Restatement (Third) of Agency to "explain and explicate one component of the totality of the circumstances test articulated in [Porter v. City of Manchester]." This argument fails for the same reason.

The plaintiffs next argue that the trial court erred in failing to apply the "premises exception" to the "coming and going rule," which applies in workers' compensation cases. However, the trial court correctly observed that "New Hampshire law recognizes no such exception in the respondeat superior context." We are unpersuaded by the plaintiffs' assertion that the New Hampshire Model Civil Jury Trial Instructions suggest that the "premises exception" can be applied in the respondeat superior context, and reiterate that the test articulated in Tessier and Porter is the correct legal standard to determine whether an employee was acting within the scope of his employment at the time he engaged in negligent conduct. See Tessier, 162 N.H. at 342-43; Porter, 151 N.H. at 39-40.

The plaintiffs next assert that the trial court erred in concluding as a matter of law that the observing employee was not negligent. The plaintiffs assert that the trial court erred in "address[ing] the issue as it pertains to a person volunteering to aid or protect someone," because the observing employee, operating as an agent of the defendant, "has a duty to . . . take all reasonable steps to meet the duty of reasonable care owed by [the defendant] to its customers." We disagree.

As a general rule, a person has no affirmative duty to aid or protect another. Marquay v. Eno, 139 N.H. 708, 716 (1995). The fact that an actor starts to aid another does not necessarily require him to continue his services. Mikell v. Sch. Admin. Unit #33, 158 N.H. 723, 734 (2009). An actor may abandon his services at any time unless, by giving the aid, he has put the other in a worse position than he was in before. Id. A person is put in a worse position if the actual danger to him has been increased by the partial performance, or if in reliance he has been induced to forgo other opportunities of obtaining assistance. Id. The trial court concluded that, even if the observing employee had undertaken a duty to aid the decedent by approaching him, the plaintiffs had failed to allege that the observing employee breached that duty. The trial court observed that the act of approaching the decedent "could in no way present any risk of harm to [the decedent]." The trial court found that the observing employee's conduct did not "put [the decedent] in a worse position or . . . increase the actual danger to him." Therefore, the trial court concluded, the observing employee's failure to "adequately signal to [the

4

driving employee] cannot be negligence, particularly where he had less than a minute to respond." We find no error in this analysis.

The plaintiffs assert that, because the observing employee was acting within the scope of his employment while approaching the decedent, he owed a greater duty to the decedent than the typical volunteer rescuer. The plaintiffs have cited no legal authority, nor are we aware of any, that supports the conclusion that the observing employee undertook or owed a greater duty of care as a result of his employment status with the defendant. Accordingly, we conclude that the plaintiffs have failed to demonstrate that the trial court committed reversible error. See, e.g., Gallo v. Traina, 166 N.H. 737, 740 (2014) (The appealing party has "the burden of demonstrating reversible error.").

Affirmed.

MACDONALD, C.J., and HICKS, BASSETT, HANTZ MARCONI, and DONOVAN, JJ., concurred.

**Timothy A. Gudas,**
**Clerk**